UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHOBANA SHANKAR and RAGHAVENDRA JAYANTH CHAKRAVARTHY, )<br>)<br>*Plaintiffs*, )<br>v. )<br>)<br>FAIRVIEW AVENUE PROPERTIES LLC, )<br>)<br>*Defendants*. ) | No. 23 C 1469<br><br>Chief Judge Virginia M. Kendall |

**OPINION AND ORDER**

Pending before the Court is Defendant Robert Rixer's Motion to Dismiss Count One of Plaintiffs' Amended Complaint. (Dkt. 197). For the reasons below, the Court denies Rixer's Motion to Dismiss [197]. Because Plaintiffs' Amended Complaint simply added defendants and contains identical factual allegations with respect to the RICO claim against Rixer, the Court assumes familiarity with the factual background outlined in its December 6, 2023 Memorandum Opinion denying Defendants' earlier motion to dismiss. (Dkt. 88)

**LEGAL STANDARD**

To survive a 12(b)(6) motion to dismiss for failure to state a claim, the complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Russell v. Zimmer, Inc.*, 82 F.4th 564, 570 (7th Cir. 2023) (quoting Fed. R. Civ. P. 8(a)(2)). Thus, "a plaintiff must allege 'enough facts to state a claim that is plausible on its face.'" *Allen v. Brown Advisory, LLC*, 41 F.4th 843, 850 (7th Cir. 2022) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal*, 566 U.S. 662, 678 (2009)). The Court accepts the well-

1

pleaded factual allegations in the plaintiff's complaint as true, "drawing all reasonable inferences in his favor." *Id.* (citing *W. Bend Mut. Ins. Co. v. Schumacher*, 844 F.3d 670, 675 (7th Cir. 2016)). Yet, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements[,]" are not enough. *Oakland Police & Fire Ret. Sys. v. Mayer Brown, LLP*, 861 F.3d 644, 649 (7th Cir. 2017) (quoting *Iqbal*, 556 U.S. at 678). The complaint's factual content must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

For claims sounding in fraud, Federal Rule of Civil Procedure 9(b) requires plaintiffs to "state with particularly the circumstances constituting fraud." Fed. R. Civ. P. 9(b). Thus, a plaintiff must "describe the 'who, what, when, where, and how' of the fraud—'the first paragraph of any newspaper story.'" *United States ex rel. Presser v. Acacia Mental Health Clinic, LLC*, 836 F.3d 770, 776 (7th Cir. 2016) (quoting *United States ex rel. Lusby v. Rolls-Royce Corp.*, 570 F.3d 849, 853 (7th Cir. 2009)).

## DISCUSSION

### I. Successive Rule 12(b)(6) Motions to Dismiss

As a preliminary matter, Plaintiffs argue that Rixer should not be permitted to contest the plausibility of Plaintiffs' RICO claim a second time in a successive motion to dismiss under Rule 12(b)(6). (Dkt. 209 at 1–3); Fed. R. Civ. P. 12(b)(6). In the Seventh Circuit, the law is that "Rule 12(g)(2) does not prohibit a new Rule 12(b)(6) argument from being raised in a successive motion." *Ennenga v. Starns*, 677 F.3d 766, 773 (7th Cir. 2012). Earlier in this litigation, Rixer joined Defendant Chase Real Estate, LLC's motion to dismiss Plaintiffs' initial Complaint, which argued that Plaintiffs failed to state a RICO claim under 18 U.S.C. § 1962(c) or § 1962(d) (Count I). (Dkt. 66 at 6–11; Dkts. 67, 73). Specifically, Defendants argued that Plaintiffs generally failed to plead a distinct enterprise, failed to plead the predicate acts with requisite specificity, and

2

improperly attributed all alleged predicate acts to all Defendants. (Dkt. 66 at 6–11). Now, Rixer repeats similar arguments, albeit re-tailored to specifically to address the plausibility of the RICO claim against him. (Dkt. 197 at 1–4). While rehashing Rule 12(b)(6) arguments already made in a prior motion to dismiss denied by the Court may not be advisable, it is permissible under Rule 12(h). *Ennenga*, 677 F.3d at 773 ("Stated differently, Rule 12(h)(2) specifically excepts failure-to-state-a-claim defenses from the Rule 12(g) consolidation requirement.").

## II. Plausibility of Plaintiffs' RICO Claim Against Defendant Rixer (Count I)

In Count One, Plaintiffs assert that Defendants, including Rixer, violated § 1962(c) and § 1962(d). 18 U.S.C. §§ 1962(c), (d). Under § 1962(c), it is "unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity." To state a claim under § 1962(c), a plaintiff must allege: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Cedric Kushner Promotions, Ltd. v. King*, 533 U.S. 158, 161 (2001); *accord Sabrina Roppo v. Travelers Com. Ins. Co.*, 869 F.3d 568, 587–88 (7th Cir. 2017).

Rixer's arguments against the plausibility of Plaintiffs' RICO claim are squarely foreclosed by the Court's prior Opinion on Defendants' first motion to dismiss. Rixer asserts, in a footnote, that Plaintiffs fail to state a claim that Rixer violated § 1962(c), because the Amended Complaint does not describe how Rixer committed two predicate acts, as required to satisfy the "pattern of racketeering activity" element. (Dkt. 197 at 1 n.1). As the Court previously concluded, Plaintiffs sufficiently pleaded at least two predicate acts of wire fraud. *Shankar et al., v. Fairview Ave. Properties LLC, et al.*, 2023 WL 8451779, at *7–8 (N.D. Ill. Dec. 6, 2023). Those acts are sufficiently attributable to Rixer, because, as the Court concluded, Plaintiffs sufficiently allege that

3

Rixer knowingly participated in the asserted scheme to defraud by purchasing and reselling several properties to Plaintiffs in coordination with the other Defendants, including his purported agent Mikosz, who directly used the wires to communicate the misrepresentations, from which the predicate acts of wire fraud arise, in furtherance of the scheme to defraud. *Shankar*, 2023 WL 8451779, at *8; *United States v. Powell*, 576 F.3d 482, 490 (7th Cir. 2009); *United States v. Jackson*, 546 F.3d 801, 815–16 (7th Cir. 2008) ("Even so, co-schemers are jointly responsible for one another's acts in furtherance of the scheme; so upon finding that Joe was a knowing participant in the scheme, the jury was free to hold him to account for any fraudulent misrepresentations that were made by Essie and/or Angela after he joined the scheme."); *United States v. Sheneman*, 682 F.3d 623, 630 (7th Cir. 2012) ("[T]here is no requirement that a defendant personally cause the use of the wire. Rather, it will suffice if the use of the wire 'will follow in the ordinary course of business, or where such use can be reasonably foreseen, even though not actually intended.' "); *United States v. Adeniji*, 221 F.3d 1020, 1026 (7th Cir. 2000).

Finally, Rixer argues that Plaintiffs fail to plausibly allege that Rixer violated § 1962(d). Section 1962(d) makes it "unlawful for any person to conspire to violate any of the provisions of subsection (a), (b), or (c) of this section." 18 U.S.C. § 1962(d). To state a claim under § 1962(d), a plaintiff "must allege that the defendant (1) agreed to maintain an interest in or control of an enterprise, or to participate in an enterprise's affairs, (2) through a pattern of racketeering activity, and (3) that the defendant agreed that some member of the conspiracy (not necessarily the defendant herself) would commit at least two predicate acts in furtherance of those goals." *Domanus v. Locke Lord LLP*, 847 F.3d 469, 479 (7th Cir. 2017) (citing *DeGuelle v. Camilli*, 664 F.3d 192, 204 (7th Cir. 2011)); *Salinas v. United States*, 522 U.S. 52, 64 (1997).

4

Rixer primarily asserts that Plaintiffs fail to allege anything more than "mere association with an alleged RICO enterprise[.]" (Dkt. 197 at 3). But, as the Court previously concluded, Plaintiffs sufficiently allege close relationships between Rixer and the other Defendants and a pattern of coordinated actions by Rixer and the other Defendants, including the several real estate transactions and associated predicate acts of alleged wire fraud, which support a plausible inference of an agreement to participate in the alleged enterprise through a pattern of racketeering activity and an agreement that two predicate acts in furtherance of the enterprise's goals be committed. *See Shankar*, 2023 WL 8451779, at *8 (discussing Plaintiffs' plausible allegations of close relationships between Rixer and the other Defendants as well as the pattern of coordinated actions); *Domanus*, 847 F.3d at 479 ("Formal agreement is not necessary; when the acts performed by the alleged members of the conspiracy are unlikely to have been done alone, the court may infer agreement."); *United States v. Volpendesto*, 746 F.3d 273, 284 (7th Cir. 2014) ("As with conspiracy in general, circumstantial evidence that the defendants agreed to participate in the enterprise is sufficient."). Plaintiffs thus state a plausible RICO conspiracy claim under § 1962(d). Accordingly, the Court denies Rixer's Motion to Dismiss. (Dkt. 197).

## CONCLUSION

For the reasons above, the Court denies Rixer's Motion to Dismiss [197].

_____
Virginia M. Kendall
United States District Judge

Date: June 26, 2025